FILED IN OPEN COURT
6/8/16

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                Case No. 3:16-cr-77-J-32JRK

JAMES DONALD JACOLA

# PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by A. Lee Bentley, III, United States Attorney for the Middle District of Florida, and the defendant, JAMES DONALD JACOLA, and the attorney for the defendant, Bruce P. Culbert, mutually agree as follows:

**A.   Particularized Terms**

1. **Count(s) Pleading To**

The defendant shall enter a plea of guilty to Count One of the Information. Count One charges the defendant with knowing receipt of child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1).

2. **Minimum and Maximum Penalties**

Count One is punishable by a mandatory minimum term of imprisonment of not less than 5 years and not more than 20 years, a fine of $250,000, a term of supervised release of not less than 5 years, or life, and a special assessment of $100, said special assessment to be due on the date of sentencing. In addition, the Court shall assess an amount of $5,000 on any non-

Defendant's Initials JJ                                 AF Approval BB

indigent defendant. Pursuant to Title 18, United States Code, Section 3583(k), if the defendant is required to register under the Sex Offender Registration and Notification Act and commits any criminal felony offense under Title 18, United States Code, Chapters 109A, 110 or 117, or Sections 1201 or 1591, the Court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment of not less than 5 years and up to life. Any other violation of the terms and conditions of supervised release is punishable by a term of imprisonment of up to 2 years. With respect to this offense and pursuant to Title 18, United States Code, Sections 2259, 3663A and/or 3664, the Court shall order the defendant to make restitution to any victim of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

3. **Elements of the Offense(s)**

The defendant acknowledges understanding the nature and elements of the offense(s) with which defendant has been charged and to which defendant is pleading guilty. The elements of Count One of the Information are:

- First: That the defendant knowingly received one or more matters that contained visual depictions;

- Second: That such visual depictions were received using a means or facility of interstate and foreign commerce, that is, by computer via the internet;

- Third: That the production of such visual depictions involved the use of at least one minor child engaging in sexually explicit conduct;

Defendant's Initials ___     2

| | |
|---|---|
| Fourth: | That such visual depictions were of at least one minor child engaged in sexually explicit conduct; and |
| Fifth: | That the defendant knew that at least one of the performers in such visual depictions was a minor child and knew that the visual depictions were of such minors engaged in sexually explicit conduct. |

4. **Indictment Waiver**

Defendant will waive the right to be charged by way of indictment before a federal grand jury.

5. **No Further Charges**

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

6. **Acceptance of Responsibility - Three Levels**

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Defendant's Initials ___JJ___         3

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.4., the United States agrees to file a motion pursuant to USSG '3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

7. **Sex Offender Registration and Notification**

The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. The

Defendant's Initials ____        4

defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

8. **Mandatory Restitution to Victim(s) of Offense of Conviction**

Pursuant to 18 U.S.C. § 2259, defendant agrees to make restitution to any known victim(s) of the offense for the full amount of the victim's losses as determined by the Court. Further, pursuant to 18 U.S.C. § 3364(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if the victim's losses are not ascertainable prior to sentencing.

9. **Forfeiture of Assets**

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 2253, whether in the possession or control of the United States, the defendant or defendant's nominees. The defendant specifically agrees and consents to the administrative forfeiture of the following assets:

    a. a CyberPower model 8C-T2NS1WWB desktop computer, Serial Number C120849704744, containing a Seagate 1 TB hard disk drive; and

    b. a Toshiba model Satellite C75D-B7230 laptop computer, Serial Number 9E041197U, containing an HGST 750 GB hard disk drive,

seized from the defendant by the Federal Bureau of Investigation on March 10, 2016.

Defendant's Initials _____    5

If the administrative forfeiture proceeding is not completed prior to sentencing, the defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal or civil judicial forfeiture action.

The defendant also hereby agrees that the forfeiture described herein is not excessive and, in any event, the defendant waives any constitutional claims that the defendant may have that the forfeiture constitutes an excessive fine. Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to forfeiture.

**B.     Standard Terms and Conditions**

**1.      Restitution, Special Assessment and Fine**

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement.  The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (18 U.S.C. § 3003(b)(2)), including, but not limited to,

Defendant's Initials _____        6

garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. To ensure that this obligation is satisfied, the Defendant agrees to deliver a check or money order to the Clerk of the Court in the amount of $100, payable to "Clerk, U.S. District Court" within ten days of the change of plea hearing.

The defendant understands that this agreement imposes no limitation as to fine.

2. **Supervised Release**

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3. **Immigration Consequences of Pleading Guilty**

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

Defendant's Initials _JJ_    7

4.  **Sentencing Information**

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5.  **Financial Disclosures**

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his/her financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he/she has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to

Defendant's Initials _____   8

the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6. **Sentencing Recommendations**

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be

Defendant's Initials _JJ_           9

permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7. **Defendant's Waiver of Right to Appeal the Sentence**

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8. **Middle District of Florida Agreement**

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring

Defendant's Initials _____       10

defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9. **Filing of Agreement**

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10. **Voluntariness**

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in

Defendant's Initials JJ          11

defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11. **Factual Basis**

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

12. **Entire Agreement**

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials _JJ_         12

13. **Certification**

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this 25th day of May, 2016.

_____
JAMES DONALD JACOLA
Defendant

_____
BRUCE P. CULBERT
Attorney for Defendant

A. LEE BENTLEY, III
United States Attorney

_____
D. RODNEY BROWN
Assistant United States Attorney

_____
MAC D. HEAVENER, III
Assistant United States Attorney
Deputy Chief, Jacksonville Division

Defendant's Initials JJ     13

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 3:16-cr-77-J-32JRK

JAMES DONALD JACOLA

## PERSONALIZATION OF ELEMENTS

1. On or about March 9, 2016, between 4:41 p.m. and 4:45 p.m., at Green Cove Springs, in the Middle District of Florida, did you knowingly receive one or more matters that contained a visual depiction, that is, that contained in the computer video file listed in Count One of the information?

2. Do you admit that this visual depiction was shipped and transported using a means and facility of interstate and foreign commerce, that is, by computer via the internet?

3. Do you admit that the production of such visual depiction involved the use of a prepubescent minor child engaging in sexually explicit conduct, specifically, anal to genital intercourse between a prepubescent minor child and an adult male?

4. Do you admit that this visual depiction was of a prepubescent minor engaging in sexually explicit conduct?

5. Do you admit that you knew that the performer in this visual depiction was a minor and that you knew that the visual depiction was of such minor engaged in sexually explicit conduct?

Defendant's Initials JJ

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                  Case No. 3:16-cr-__77-J-32JRK__

JAMES DONALD JACOLA

## FACTUAL BASIS

In 2014, agents with the Federal Bureau of Investigation (FBI) began an online undercover investigation to identify individuals who were using a particular website to access and receive images and videos depicting child pornography over the internet. The agents determined that a particular individual with the user name "mooncalf," later identified as James Donald Jacola, had accessed this website in February and March 2015 using a particular internet protocol (IP) address. Subpoenaed documents from the internet service provider for this IP address revealed that the subscriber information resolved to a particular residence located in Green Cove Springs, Florida where defendant, James Donald Jacola, resided.

On March 10, 2016, FBI agents and other officers executed a federal search warrant at Jacola's residence and seized, among other things, a Toshiba Satellite laptop computer (containing an HGST 750 GB hard disk drive) and a Cyberpower PC computer (containing a Seagate 1 TB hard disk drive) and other items of electronic media. Jacola was not at the residence. After securing the residence, agents proceeded to Jacola's place of employment in Jacksonville

Defendant's Initials __JJ__

and made contact with Jacola. Jacola agreed to speak with the agents. Jacola was informed that a computer from his home had been seized through a search warrant and that the agents believed that he (Jacola) had used this computer to access child pornography from the "dark web." Jacola advised that he knew what that was, and that he knew about and had used a particular network on the "dark web." Jacola advised that he would never harm a child in any way. Jacola then stated that he had been involved in a similar incident before, but "not this type of material." Jacola advised that he wanted to cooperate with the agents but the last time he talked too much and "talked [himself] into trouble." The interview was then terminated.

Subsequent forensic analysis of Jacola's computer media revealed that the HGST hard disk drive contained in Jacola's Toshiba laptop computer contained one video and at least 179 images depicting child pornography. There were also 147 images depicting child erotica and young girls engaged in sexually explicit conduct. This computer was used solely by Jacola. One of the videos on this disk drive was titled "qqaazz ... her ass" (Count One of the information). This color video, which includes audio, is 2 minutes and 18 seconds in length and depicts, among other things, a toddler aged female child being anally penetrated by the penis of an adult male. This video was downloaded over the internet by Jacola on March 9, 2016, between 4:41 p.m. and 4:45 p.m. The Seagate hard disk drive contained in Jacola's Cyberpower PC computer contained two videos and at least 605 images depicting child pornography.

Defendant's Initials  JJ                                   2

There were also 785 images depicting child erotica and young girls engaged in sexually explicit conduct. Jacola was the primary user of the Cyberpower computer.

Jacola knowingly downloaded the images and videos of child pornography contained on his computer media, including the video identified in Count One of the information, in Green Cove Springs, Florida from the internet, a facility of interstate commerce. The production of the images and videos depicting child pornography received and possessed by Jacola each involved the use of at least one minor child engaged in sexually explicit conduct and depicted minor children engaged in sexually explicit conduct. Jacola knew that at least one of the performers in each of the visual depictions that he received and possessed was a minor child and that the visual depictions were of such minors engaged in sexually explicit conduct. Jacola acknowledges that there exists a sufficient nexus for purposes of forfeiture between the items specified herein and the criminal conduct set forth above.

Defendant's Initials __JJ__                     3